The Honorable Travis Boyd State Representative 280 West Court Street Piggott, AR 72454-2640
Dear Representative Boyd:
I am writing in response to your request for an opinion on the following question regarding the salaries of district court personnel in Clay County:
 Do the cities referred to in A.C.A. 16-17-108 (z) (1) (A) and (B), and (2) (A), which deal with Clay County, have the authority to provide input on setting salaries?
RESPONSE
The answer to this question is "yes," in my opinion.
Arkansas Code Annotated § 16-17-108 (z) (Supp. 2003) states as follows:
 (z)(1)(A) The Judge of the District Courts of Corning, Piggott, and Rector shall receive an annual salary of not less than seventeen thousand dollars ($17,000) nor more than thirty-six thousand dollars ($36,000), to be paid, as well as other current benefits, in equal monthly installments by Clay County.
 (B) Fifty percent (50%) of the amount shall be reimbursed by the City of Corning, the City of Piggott, and the City of Rector at eighteen and one-half percent (18.5%), eighteen and one-half percent (18.5%), and thirteen percent (13%), respectively, to the county treasury.
 (2)(A) The clerks of the respective district courts shall receive an annual salary of not less than four thousand five hundred dollars ($4,500) nor more than twelve thousand dollars ($12,000), to be paid, as well as other current benefits, in equal monthly installments by Clay County.
 (B) Fifty percent (50%) of the amount shall be reimbursed by the respective cities.
Clay County thus pays one-half of the salaries of the District Court Judge and clerks in Clay County, with the cities of Corning, Piggott, and Rector paying the other one-half through reimbursement as set out above. Regarding the setting of the salaries, the relevant provision with respect to the clerks is A.C.A. § 16-17-211 (Supp. 2003), which states in relevant part:
 (b) The city council of the city in which the court is located shall fix the salary of the district court clerk at a reasonable sum, the salary to be computed on an annual basis and payable in equal monthly installments. However, where the county in which the court is located is to pay any portion of the clerk's salary, the salary must also be approved by the quorum court of that county. Further, if the expenses and salaries of any district court are paid entirely by the county in which the court is located, the salary of the clerk shall be fixed by the quorum court of the county and not by the city council.
As you can see, the Cities of Corning, Piggott, and Rector clearly have input in setting their respective district court clerk's salary pursuant to this provision.
With regard to the salary of the Judge of the District Courts of Corning, Piggott, and Rector, it is my opinion that A.C.A. 16-17-121, governing "salary increases," is the relevant provision.[1] This Code section provides as follows:
 (a) In the event the General Assembly establishes a district court cost fund to be used exclusively for the operation and expenses of the district court, any district court judge's, clerk's, or other employee's salary authorized by § 16-17-108 may be increased from the minimum salary upward to any amount not exceeding the maximum salary authorized in § 16-17-108 and may be paid from the fund as set forth hereafter.
 (b) The city council or the county quorum court, or both, if authorized, of the local governmental jurisdictions responsible for paying the salaries of the district court judge, clerks, and other employees may authorize salary increases for the various court personnel as authorized above after considering the following factors:
 (1) The amount and availability of funds in the district court cost fund;
(2) The volume of caseload;
(3) The backlog of cases, if any, on the court docket;
(4) The time required in dealing with cases;
(5) The skill required in dealing with cases; and
 (6) The amount of time taken away from the judge's private practice, if applicable.
A.C.A. 16-17-121 (Supp. 2003) (emphasis added).
The "district court cost fund" (see subsection (a) above) is referenced in A.C.A. § 16-17-115 (Supp. 2003), which imposes the general requirement upon the county to pay one-half of the salaries of the district court judge and clerks. Section 16-17-115 states: "These payments shall be made out of the district court cost fund and general revenues of the county. . . ." Section 16-17-121 is thus operative. Cf. Op. Att'y Gen.94-210. According to the language emphasized above, therefore, salaries may be increased from the minimums authorized in A.C.A. § 16-17-108,supra. These increases within the minimum and maximum authorized in § 16-17-108 are the "salary increases" addressed by § 16-17-121. In this regard, I agree with one of my predecessors that an increase must be authorized by both the county and the city where there is shared responsibility for paying the salary. As stated in Attorney General Opinion 94-210 (regarding the salaries of the DeQueen Municipal Court Judge and Clerk):
 Both the City and the County are responsible for paying these salaries, and thus according to § 16-17-121, both may authorized increases to be paid from the municipal court cost fund. This must, in my opinion, be construed to mean that where both a city and a county are responsible for the salaries, both must authorize the increase. If only one pays the salaries, then that governing body may alone authorize an increase. [Emphasis added.]
I assume that the question you have raised regarding input of the cities on "setting salaries" refers to increases within the ranges that are set under A.C.A. § 16-17-108 (z), supra. It is my opinion, as discussed above, that A.C.A. § 16-17-121 governs in this regard. Accordingly, the Cities of Corning, Piggott, and Rector must, in my opinion, together with Clay County, authorize the increase(s).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] It is my opinion that A.C.A. 16-17-101(d), which was cited in your opinion request, is inapplicable in this instance. This Code section applies in the case of an agreement between cities to be served by the same municipal (now "district") judge, requiring in that instance that the judge "shall be entitled to receive such compensation as may be determined by the governing bodies of the various agreeing municipalities and the county." Although the District Courts of Corning, Piggott, and Rector are served by the same judge, this is pursuant to the special legislation that established the courts, and not by an agreement entered under A.C.A. § 16-17-101 (d). See Acts 1969, No. 332 (creating a municipal court in each of the cities of Corning, Piggott, and Rector, to be presided over by the same judge, and establishing the qualifications, term of office, and method of electing the judge.")